IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01033-BNB

STANIMIR GEORGIEV PAVLOV,

    Plaintiff,

v.

[NO NAMED DEFENDANT],

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG - 3 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff, Stanimir Georgiev Pavlov, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. He attempted to initiate the instant action by submitting *pro se* a letter to the clerk of the Court indicating his intent to file a civil law suit. The Court reviewed the letter and determined it was deficient. Therefore, in an order filed on May 6, 2010, Magistrate Judge Boyd N. Boland directed the clerk of the Court to commence a civil action and directed Mr. Pavlov to cure certain deficiencies in the case within thirty days if he wished to pursue his claims.

The May 6 order pointed out that Mr. Pavlov failed to submit either the $350.00 filing fee or a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 together with a certified copy of his trust fund account statement for the six-month period immediately preceding this filing. The order also pointed out that Mr. Pavlov failed to submit a Prisoner Complaint. The order warned Mr. Pavlov that, if he

failed to cure the designated deficiencies within the time allowed, the action would be dismissed without prejudice and without further notice.

On May 27, 2010, Mr. Pavlov was granted by minute order a thirty-day extension of time to cure the deficiencies designated in the May 6 order to cure. On June 22, 2010, he was granted by minute order another thirty days to cure the designated deficiencies. Like the May 27 minute order, the June 22 minute order noted that Mr. Pavlov's failure to cure the designated deficiencies within the time allowed would result in the dismissal of the instant action. The June 22 minute order also noted that this was the second and final extension of time Mr. Pavlov would be allowed. On July 15, 2010, Mr. Pavlov's third and fourth requests for an extension of time, filed on July 13 and 14, 2010, were denied by minute order. The July 15 minute order noted that the June 22 minute order granted Mr. Pavlov his second and final extension to cure the designated deficiencies.

Mr. Pavlov has failed, within the time allowed, to cure the deficiencies listed in the May 6 order, or otherwise to communicate with the Court in any way. Therefore, the action will be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a Court order and cure the designated deficiencies as directed within the time allowed.

Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Stanimir Georgiev Pavlov, within the time allowed, to cure the deficiencies designated in the May 6, 2010, order to cure, and for his failure to prosecute.

DATED at Denver, Colorado, this  2nd  day of  August , 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01033-BNB

Stanimir Georgiev Pavlov
Prisoner No. 134930
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 8/3/10

                                                 GREGORY C. LANGHAM, CLERK

                                        By: _____
                                                      Deputy Clerk